IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NEHEMIAH ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 06-0631-CV-W-DW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Before the Court is Movant's Motion Under §2255 to Vacate, Set Aside or Correct his Sentence. (Doc. 1). The Government filed its response in opposition, and Movant filed his reply. After careful consideration of the record and the parties' arguments, the Court DENIES the §2255 motion.

Movant ("Robinson") pled guilty to a one-count indictment of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Preliminary Sentencing Report ("PSR") prepared by the United States Probation Office found that Robinson had prior qualifying burglary convictions. At Robinson's sentencing, in Robinson's presence, the Court inquired whether Robinson's counsel had any corrections for the PSR. Counsel replied that there were "none that would affect the guidelines at all." The Court adopted the PSR and sentenced Robinson to 180 months in prison and five years of supervised release. Robinson did not appeal.

Robinson filed his §2255 Motion on July 27, 2006. Robinson filed his motion within the one-year §2255 deadline so that he might "preserve his claim to have his proceedings reopened for resentencing" if he "is successful in attacking any of his Georgia state prior convictions,

which were used as a basis to trigger enhanced penalty."

"[A] point not properly preserved at trial or on direct appeal cannot be reached in a § 2255 proceeding unless the petitioner can show both cause for the point's not having been previously raised and prejudice from the claimed legal error." United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995), *citing* United States v. Frady, 456 U.S. 152, 167-68 (1982).[1] Robinson failed to raise the use or qualification of his prior Georgia convictions at either his sentencing or on appeal. See United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004), *citing* United States v. Menteer, 350 F.3d 767, 771 (8th Cir. 2003) ("[A] defendant's 'failure to object to the PSR's factual characterization of his conduct . . . is dispositive.'"). Nor does Robinson present an argument as to cause or prejudice. Robinson has thus waived his arguments for the purposes of his § 2255 proceeding.

For the reasons set forth above, it is hereby ORDERED that Robinson's 28 U.S.C. §2255 Motion (Doc. 1) is DENIED.

Date: October 18, 2006 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court

---

[1] Robinson also does not claim that he is actually innocent of the underlying claim. See Bousley v. United States, 523 U.S. 614, 622 (U.S. 1998).